NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER MOYA-SANCHEZ, AKA Javier Sanchez Moya, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-71155 <br><br> Agency No. A205-720-583 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Javier Moya-Sanchez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*,

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Moya-Sanchez's motion to reopen, where the notice of hearing was sent by regular mail to his most recent address of record, and he did not provide sufficient evidence to rebut the presumption of effective service. *See id.* at 988-89 (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective delivery).

The agency also did not abuse its discretion in denying Moya-Sanchez's motion to reopen to apply for asylum and related relief, where he failed to establish changed country conditions in Mexico. *See* 8 C.F.R. § 1003.23(b)(4)(i); *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen.").

We lack jurisdiction to consider Moya-Sanchez's unexhausted remaining contentions regarding eligibility for asylum and related relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**